**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TERRY LEE MADDEN**                                                           **PETITIONER**

**v.**                                                           **No. 2:10CV198-B-S**

**DANNY SCOTT, et al.**                                                **RESPONDENTS**

## ORDER DENYING MOTION FOR BOND

This matter comes before the court on motion by Madden for bond pending the final disposition of his federal habeas petition. The petition was filed on November 16, 2010, pursuant to 28 U.S.C. § 2254, wherein Madden challenged the validity of his state court conviction for murder. His petition is currently pending in this court.

Decisions regarding release of an inmate during habeas review are governed by Federal Rule of Appellate Procedure 23. Regarding the release of a *habeas corpus* petitioner, Rule 23(b) states:

> **Detention or Release Pending Review of Decision Not to Release.** While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court may order that the prisoner be:
>     (1) detained in the custody from which release is sought;
>     (2) detained in other appropriate custody; or
>     (3) released on personal recognizance, with or without surety.

There is no presumption that release is preferred while a habeas petition is under review. Traditional considerations for release on bond include: (1) the possibility that the petitioner would flee, (2) the risk of danger the petitioner would pose to the public, (3) the State's interest in continuing custody and rehabilitation pending final determination of the case on appeal, and

(4) the State's prospect of success on appeal (or a substantial state case on the merits). *Hilton v. Braunskill*, 481 U.S. 770, 777-78, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987).

Applying these factors to this case, there is no proof that Madden poses an excessive risk of flight. One could conclude, however, that facing a life sentence alone might prompt one to seriously contemplate fleeing. The risk of danger to the public seems obvious given his conviction for murder which was affirmed on direct review. The State has substantial interest in continued custody of a convicted killer pending a final determination of the habeas review where the onerous burden is on the inmate to overcome the conviction. Since there has not been a final decision from which to appeal in this case, the fourth factor does not assist Madden in his quest for bond.

For Madden, these factors do not present a substantial or compelling reason to justify release pending a resolution of his habeas petition. The violent crime for which he was convicted and his lengthy sentence alone militate against release. Weighing these factors, the court concludes that bond shall be denied.

In sum, Maddens' motion for bond is **DENIED.**

**SO ORDERED,** this the 28th day of November, 2011.

                                                */s/ Neal Biggers*
                                                **NEAL B. BIGGERS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**